```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

R. Lacey Colligan, M.D.

    v.                                    Civil No. 16-cv-513-JD
                                            Opinion No. 2018 DNH 122

Mary Hitchcock Memorial
Hospital and Dartmouth Hitchcock
Clinic

## O R D E R

The plaintiff, R. Lacey Colligan, M.D., brought suit against Mary Hitchcock Memorial Hospital and Dartmouth Hitchcock Clinic, alleging disability discrimination and infliction of emotional distress that arose from an incident that caused the defendants to terminate a business relationship with her and bar her from their property. The plaintiff moves to exclude the defendants' expert witness, Bonnie Michelman, pursuant to Federal Rule of Civil Procedure 37(c)(1). The defendants object to the motion.

### Standard of Review

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert witnesses and related information. For expert witnesses who are required to provide a written report, the report must include, among other things, "the facts or data

considered by the witness in forming [the opinions stated in the report]," the witness's qualifications along with a list of all publications over the past ten years, "a list of all other cases in which, during the past 4 years, the witness testified as an expert at trial or by deposition," and a statement of the compensation to be paid to the witness. Rule 26(e) requires timely supplementation of disclosures made under Rule 26(a).

Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1) provides additional or alternative sanctions of ordering the party to pay reasonable expenses, informing the jury of the party's failure, and the sanctions listed in Rule 37(b)(2)(A). Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 77-78 (1st Cir. 2009). A party who fails to comply with Rule 26(a) or (e) bears the burden of showing that the failure was substantially justified or harmless. Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001).

Background[1]

The plaintiff alleges that the defendants hired her, through a contract with her company, Sharp End Advisory, LLC, as a research consultant. As of January 1, 2015, the plaintiff became an adjunct assistant professor in the department of pediatrics at the Geisel School of Medicine at Dartmouth College. She further alleges that she was a patient at Dartmouth-Hitchcock and that she had a diagnosis of post-traumatic stress disorder and depression.

During the time of the events pertinent to this case, Dr. John Birkmeyer was an executive vice president of Darthmouth-Hitchcock, chief academic officer, and program director for a project funded by a grant from an agency within the United States Department of Health and Human Services. The plaintiff also contributed to the grant. During the summer of 2015, Dr. Birkmeyer held meetings at Dartmouth-Hitchcock to announce new and contentious plans to address budgetary concerns, which included consolidation of the pediatrics department. The

---

[1] The background information is summarized from the plaintiff's amended complaint and the allegations in the motion to exclude and the objection. The summary provides a context for deciding the plaintiff's motion to exclude and does not provide findings of fact or any conclusions based on alleged facts.

plaintiff opposed the budgetary restrictions and consolidation plans.

About 8:00 on the morning of September 1, 2015, the plaintiff was walking near her home when she alleges that she saw someone in a car across from the Birkmeyers' home taking pictures and she thought she recognized the person as someone who had recently been terminated by the defendants. The Birkmeyers' house was in the midst of a construction project, and the plaintiff went to an open side door, where workers were entering the house. A worker directed her to the front door.

Dr. Birkmeyer's wife met her at the front door. The plaintiff said to Mrs. Birkmeyer: "I want you to know that we don't like what Dr. Birkmeyer is doing and we all know where you live." Mrs. Birkmeyer was concerned and called her husband at work to report the incident. Soon after the incident, the plaintiff went back to the Birkmeyers' house and left flowers and a note of apology.

Dr. Birkmeyer contacted the head of human resources at Dartmouth-Hitchcock to report the incident. He also reported the incident to the Hanover police. The Birkmeyers secured their home and took measures to protect their family.

Based on Dr. Birkmeyer's report, the defendants immediately decided to terminate their relationship with the plaintiff.

Later on September 1, the director of employee relations notified the plaintiff of that decision. The defendants also limited the plaintiff's access to and use of the Dartmouth-Hitchcock system, including barring her from the defendants' property except in cases of medical emergency and to attend scheduled medical appointments as a patient, in which case she was required to contact security before she arrived.

The plaintiff brought this action on November 18, 2016. The defendants disclosed Bonnie Michelman as their expert witness on December 4, 2017, and provided the plaintiff with Michelman's report. Michelman is currently, and has been since 1991, "Executive Director of Police, Security, and Outside Services" at Massachusetts General Hospital. Michelman did not disclose in her report any publications, other cases where she served as an expert, or the compensation she is being paid in this case. She also did not supplement her report to list other materials that she reviewed after her report was submitted and before her deposition.

The plaintiff's counsel deposed Michelman on April 6, 2018. During the deposition, it became apparent that Michelman had reviewed documents not disclosed in her report, had participated in other cases, and had authored publications that were not disclosed. In addition, Michelman refused to answer questions

about policies and procedures at Massachusetts General Hospital, where she has worked for the past twenty-seven years. After the deposition, counsel for the defendants provided information about Michelman's publications, prior case participation, and compensation.

Discussion

The plaintiff moves to exclude Michelman as an expert in this case because of the defendants' failure to properly disclose information related to her opinions and because of her refusal to answer questions during her deposition. The defendants object to the motion, arguing that their failures to make timely disclosures were inadvertent and harmless. They also argue that Michelman provided sufficient bases for her opinions and was not required to disclose information about the policies and procedures at Massachusetts General Hospital, which they characterize as proprietary information.

A.  Expert Report

The defendants acknowledge that Michelman's report did not disclose all of the information required under Rule 26(a)(2)(B). They argue, however, they complied with the requirements because some of the information was disclosed during Michelman's deposition, some was disclosed after the deposition, and other

information was not material to her opinions. They also contend that any delay is harmless. The plaintiff disagrees.

1. Timely Disclosure

Rule 26(a)(2)(B) requires the listed information to be disclosed as part of the expert report, that is the "report must contain" the listed information. Supplementation, under Rule 26(e), must be timely and pertains to information learned after the required initial disclosures have been made. See Downing v. Select Rehabilitation, Inc., 2017 WL 3820946, at *7 (D. Me. Aug. 31, 2017). The purpose of Rule 26(a)(2)(B) and the disclosures it requires is to allow counsel to prepare for depositions and cross-examination and to determine whether to obtain expert witnesses of their own. Rembrandt Vision Techs., L.P. v. Johnson & Johnson Visioin Care, Inc., 725 F.3d 1377, 1381 (Fed. Cir. 2013); Walsh v. Chez, 583 F.3d 990, 994 (7th Cir. 2009); Laplace-Bayard v. Batile, 295 F.3d 157, 162 (1st Cir. 2002); Williams v. Techtronic Indus. N. Am., Inc., 2014 WL 2865874, at *4 (D. Mass. June 23 2014); AVX Corp. v. Cabot Corp., 252 F.R.D. 70, 78 (D. Mass. 2008).

To the extent the defendants contend that their disclosures during Michelman's deposition and after were timely, they are mistaken. Michelman's report was provided on December 4, 2017, which is when all information required under Rule 26(a)(2)

7

should have been provided. She was deposed on April 6, 2018, four months later. Generally, parties cannot cure a deficient expert report with later deposition testimony, and the defendants have not shown that a different standard should apply here. MMG Ins. Co. v. Samsung Elecs. Am., Inc., 293 F.R.D. 58, 61 (D.N.H. 2013). Therefore, the missing information was not timely disclosed under Rule 26(a)(2), and the defendant's failure to disclose invokes sanctions under Rule 37(c) unless the defendants' failure was substantially justified or harmless.

   2. Justified or Harmless

The defendants do not argue that their failure to comply with the requirements of Rule 26(a)(2)(B) is substantially justified. They offer no reasons or justification for the late disclosures. Instead, they argue that their failure to disclose the required information until Michelman's deposition and after the deposition is harmless.

In support, they contend that the plaintiff's counsel was able to ask Michelman about some of the information when it was disclosed during the deposition. They also suggest that "nothing prevents her from deposing Ms. Michelman again or seeking additional information." The court is not persuaded.

As is noted above, the purpose of the disclosure requirements in Rule 26(a)(2)(B) is to allow counsel to prepare

to depose the expert witness and to decide whether to engage an expert. That purpose is thwarted when the proponent of the expert fails to provide the required information with the report, which is disclosed long before the expert's deposition. The appropriate sanction for the violation is discussed below.

B. Deposition

The plaintiff also seeks sanctions against the defendants based on Michelman's refusal to answer certain questions during her deposition. The plaintiff argues that the failure to provide that deposition testimony violates the requirement that an expert provide "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). As noted above, however, the information required by Rule 26(a)(2)(B)(i) must be provided with the expert's report, not in a deposition. As a result, Michelman's refusal to answer certain deposition questions does not appear to implicate Rule 26(a)(2)(B)(i).[2]

---

[2] To be clear, the plaintiff does not challenge Michelman's qualifications as an expert under Federal Rule of Evidence 702 or move to compel Michelman to answer the refused questions under Federal Rule of Civil Procedure 37(a)(3)(i).

9

C. Sanction

The appropriate sanction under Rule 37(c) for violation of Rule 26(a)(2)(B) is determined based on five factors that assess the impact of the violation and the sanction. Paolino v. JF Realty, LLC, 830 F.3d 8, 13 (1st Cir. 2016). The five factors are: "(1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects; and (5) the late disclosure's impact on the district court's docket." Id. "When preclusion of expert testimony would have "serious consequences to the disposition of the case, 'the justification for it must be comparatively more robust.'" Andrews v. Target Pharmacy, 714 Fed. Appx. 4, 6 (1st Cir. 2017) (quoting Esposito, 590 F.3d at 77-78).

The defendants assert that Michelman is a significant witness in this case because her testimony is expected to corroborate the defendants' determination that the plaintiff was a security risk and the defendants' actions taken based on that determination. See Paolino, 830 F.3d at 14 (citing Esposito and discussing the need for serious consequences in disposition of the case to avoid exclusion). While the defendants offer no justification for waiting six months to complete the disclosures

required under Rule 26(a)(2)(B), they apparently have now provided the required disclosures.  Of note, the deadlines for disclosing expert witnesses and their reports is long past, as is the deadline for challenging expert testimony.  Fact discovery is complete.

Ordinarily, under these circumstances, exclusion of the witness would be the appropriate sanction.  Fed. R. Civ. P. 37(c)(1).  The defendants suggest that the plaintiff could redepose Michelman to cure any harm their failures have caused.  Because of the restrictions on the sanction of exclusion imposed by Esposito, the court orders an alternative sanction pursuant to Rule 37(c)(1)(A), as provided below.

## Conclusion

For the foregoing reasons, the plaintiff's motion to exclude the defendants' proposed expert witness (document no. 22) is granted to the extent that a sanction is ordered against the defendants as follows:

(1) The defendants shall make Michelman available for a second deposition at the convenience of the plaintiff's counsel.

(2)  The defendants shall provide all of the information and disclosures that are required under Rule 26(a)(2)(B), in writing and in a single package, even if the some or all of the same information has been produced previously.  The disclosure

package shall be provided to the plaintiff's counsel **on or before June 22, 2018.**

(3) The defendants shall pay all costs associated with the second deposition of Michelman, including all of the plaintiff's attorneys' fees and costs that are incurred in preparation for the deposition, in conducting the deposition, and, if necessary and successful, in compelling her deposition testimony.

(4) Because of the delay that the second deposition will cause, the deadline for challenging the defendants' expert witness will be extended to a date after the deposition is held. That date shall be submitted by the defendants in an assented-to motion to amend the discovery order.

(5) If the defendants choose not to comply with the requirements of this sanction, Michelman will be excluded from this case and will not testify or provide evidence for any purpose.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

June 14, 2018
cc: William E. Christie, Esq.
    Natalie J. Laflamme, Esq.
    Timothy John McLaughlin, Esq.
    William D. Pandolph, Esq.
    Christopher James Pyles, Esq.