```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

R. Lacey Colligan

    v.                                            Civil No. 16-cv-513-JD
                                                  Opinion No. 2018 DNH 216

Mary Hitchcock Memorial Hospital and
Dartmouth Hitchcock Clinic

## O R D E R

R. Lacey Colligan filed an employment discrimination lawsuit against Mary Hitchcock Memorial Hospital and Dartmouth Hitchcock Clinic ("Dartmouth-Hitchcock"), alleging disability discrimination, infliction of emotional distress, and defamation. Colligan moved to exclude Dartmouth-Hitchcock's expert witness, Bonnie Michelman, a proposed expert in medical center security, under Federal Rule of Civil Procedure 37(c)(1). The court granted that motion in part and, among other sanctions, ordered Michelman to sit for a second deposition at the convenience of Colligan's counsel. Colligan now moves to compel Michelman to answer questions at her second deposition about her experience and qualifications. Dartmouth-Hitchcock objects.

## Standard of Review

A court may compel a deponent to answer a question that is relevant, proper, and not otherwise privileged if the deponent

has "fail[ed] to answer a question asked under" Federal Rule of Civil Procedure 30 or 31.  Fed. R. Civ. P. 37(a)(3)(B)(i).  An expert witness must disclose the bases and reasons for her opinion.  See Fed. R. Civ. P. 26(a)(2)(B); Fed. R. Evid. 702.

Background

Colligan, a medical doctor, was an independent contractor performing research with Dartmouth-Hitchcock.  Dartmouth-Hitchcock asserts that, early in the morning on September 1, 2015, the wife of a Dartmouth-Hitchcock executive reported that a person, later identified as Colligan, came to her house and threatened her and her husband.  Dartmouth-Hitchcock terminated its relationship with Colligan the same day and prohibited her from accessing its public medical facility except for emergency services and scheduled appointments.  Colligan, who has post-traumatic stress disorder, asserts in this lawsuit that Dartmouth-Hitchcock's termination of her contract and restriction of her access to the medical center constituted discrimination against her based on her disability.

In her preliminary report, Michelman opines that "[t]he decision that [Dartmouth-Hitchcock] made to terminate Dr. Colligan and restrict her from the medical campus except for medical care needed for her or her family was reasonable given her behavior."  Doc. 52-3 at 3.  She states that Dartmouth-

2

Hitchcock's actions on September 1, 2015, were "appropriate and consistent with the reasonable practices [i]n other medical centers."  Id. at 4.

Michelman adds that she formed her opinion using her knowledge of "the escalation of risks, threats and violence in healthcare" as well as her "30 plus years of experience as an expert, consultant, practitioner, and industry leader."  Id. at 2-3.  She states that the methodology she used in forming her opinion "is consistent with good and accepted practices within the security industry . . . ."  Id.

Michelman's curriculum vitae and her testimony show that she has worked at Massachusetts General Hospital ("MGH") for at least twenty-seven years.  Therefore, Michelman's experience at MGH forms the vast majority of the experience to which she cites.

## Discussion

Colligan moves to compel Michelman to answer questions in three categories.  First, Colligan seeks to compel answers "about MGH's security policies and procedures, as well as the differences where applicable between such policies for MGH and Defendants, specifically regarding disruptive people, workplace violence and conflict and safeguarding people who may be victims of crime or threats or fear."  Doc. 52-1 at 3-4.  Second,

3

Colligan seeks answers to questions about Michelman's "operations" at MGH. Third, Colligan seeks from Michelman "the details of her experiences at MGH and other hospitals regarding specific instances of escalating risks, threats, and violence . . . ." Id. at 5. In response, Dartmouth-Hitchcock argues that these questions seek irrelevant information because Michelman developed her opinion using her general experience, not her specific experiences at MGH.

   A. Comparisons of Policies and Procedures

During her first deposition, Michelman refused to answer questions about MGH's security policies and procedures and questions about the differences, if any, between MGH's policies and procedures and those used at Dartmouth-Hitchcock. Michelman cited the confidential and proprietary nature of the information in refusing to answer the questions. Colligan moves to compel those answers at Michelman's second deposition. Dartmouth-Hitchcock objects, claiming the information sought is irrelevant and should not be compelled because it is proprietary information.

Dartmouth-Hitchcock relies on Fitz, Inc. v. Ralph Wilson Plastics Co., 184 F.R.D. 532, 538 (D.N.J. 1999), in support of its objection. In Fitz, however, an expert who testified in support of the plaintiff's claim that the defendant had designed

4

a defective adhesive product offered specific factual data to support his opinion that the defendant's design was flawed. See id. For example, the expert, while maintaining the confidentiality of a proprietary adhesive formula, noted the relevant differences between the proprietary formula and the formula alleged to be defective. Id. ("While he did not reveal the exact composition of these adhesives, he testified that he never developed an adhesive with the same antioxidants or resins used by the defendants."). Because the expert had established a factual basis for his opinion, the court declined to compel the expert to disclose further specifics about the proprietary formula. Id. at 538-39.

Here, in contrast, Michelman refused to answer questions about the similarities or differences between the policies and procedures at MGH and other medical centers. In her first deposition, Michelman refused to answer even in general terms questions about how she determined that Dartmouth-Hitchcock's practices were consistent with those of other medical centers. Beyond noting that Massachusetts General Hospital has procedures to attend to "disruptive people," "workplace violence," and "conflict," Michelman offered no information about the relevant practices of medical centers other than Dartmouth-Hitchcock. See doc. 52-2 at 43. Michelman also refused to answer a

question about the relevant differences, if any, between Dartmouth-Hitchcock's policy on addressing incidents like the one alleged in this case and Massachusetts General Hospital's corresponding policy. Id. at 13. Without that information, Colligan is unable to test the bases and methodology of Michelman's opinion. See Fed. R. Evid. 702 ("A witness who is qualified as an expert . . . may testify in the form of an opinion . . . [if] the testimony is based on sufficient facts or data . . . ."). Therefore, for her opinions to be admissible, Michelman will likely need to answer questions in her second deposition about the similarities and differences between Dartmouth-Hitchcock's relevant security practices and those at other medical centers.

The court, however, will not compel Michelman to answer Colligan's questions. Michelman may decline to answer the questions, but Dartmouth-Hitchcock will run the risk that the court, if requested by a properly supported motion, might exclude some or all of her opinions.

### B. "Operations" and Specific Incidents

Colligan states that Michelman refused to answer questions about her "operations" at MGH. Other than the questions related to Michelman's comparative analysis of security policies discussed above, Colligan does not identify any specific

6

questions in this category that Michelman failed to answer. See
Fed. R. Civ. P. 37(a)(3)(B)(i). In her motion, Colligan cites
only to Michelman's general statement that she will not discuss
MGH's operations. The issue, therefore, is not sufficiently
developed for the court to respond.

Colligan also asks the court to compel Michelman to answer
questions about her experiences with similar incidents at MGH
and other hospitals. Colligan cites an exchange during
Michelman's first deposition in which she refused to identify
the specific hospital associated with a security incident that
she had described. However, during that exchange, Michelman did
not refuse to discuss her prior experience with similar security
incidents. The specific hospital at which any similar incident
occurred does not appear to have much significance in the
context of this case because the opinion given by Michelman was
limited to the reasonableness of Dartmouth-Hitchcock's decision
on September 1, 2015, to take steps to prevent Dr. Colligan from
accessing the Dartmouth-Hitchcock facility.[1]

---

[1] Although Michelman wrote in her preliminary report that Dartmouth-Hitchcock's decision to "terminate Dr. Colligan and restrict her from the medical campus . . . was reasonable given her behavior," Michelman clarified in her first deposition that her opinion was limited to the appropriateness of taking measures to mitigate the immediate security risk posed by Colligan given the facts available to Dartmouth-Hitchcock on September 1, 2015. Doc. 52-2 at 75-76, 122-23.

7

## Conclusion

For the foregoing reasons, the motion to compel deposition answers from Bonnie Michelman (doc. 52) is denied.  The court, however, places Dartmouth-Hitchcock on notice that Michelman's failure, absent an articulated compelling reason, to answer relevant questions about her experience or the bases for her opinions could lead to the exclusion of some or all of her opinions.  When the follow-up deposition of Michelman is taken, it behooves both counsel, in light of the guidance the court has provided in this order, to be specific with their questions and objections so that the court will have a sufficient basis to review objections and any requests to exclude opinions or to provide other relief to either party.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 2, 2018

cc:  William E. Christie, Esq.
     Natalie J. Laflamme, Esq.
     Timothy John McLaughlin, Esq.
     William D. Pandolph, Esq.
     Christopher James Pyles, Esq.